ATTLEBOROUGH NAT. BANK *v.* NORTHWESTERN MANUF'G & CAR Co.
and others.

*(Circuit Court, D. Minnesota.* July, 1886.)

COURTS—CONFLICT OF JURISDICTION—RES IN CUSTODIA LEGIS—CONSPIRACY.

Where a court of competent jurisdiction has possession of the *res,* the United States circuit court will not interfere with such possession on the ground that the court was imposed upon by a conspiracy, and the possession of the *res* obtained by fraud.

Demurrer to Bill of Complaint.

*P. M. Babcock,* for complainant.

*J. N. Castle, Searles, Ewing & Gail,* and *Bigelow, Flandrau & Squires,* for defendants.

NELSON, J. The facts are briefly these: The Northwestern Manufacturing & Car Company, a corporation existing under the laws of the state of Minnesota, is in the hands of a receiver, under an order of the district court of Washington county, with a view of winding up the concern, and all its property is sequestrated. That court has possession, and is proceeding to ascertain the debts, and liquidate. The complainant, a citizen of Massachusetts, is a creditor of the car company, and has a judgment obtained in an action at law in the circuit court of the United States for the district of Minnesota, pending these proceedings. While a distribution of the property by the district court of the state is progressing, a bill in equity is filed, and this court is asked to set aside all the proceedings by which that court gained possession of the *res.* There is no complaint that the state court refused to recognize the debt of the complainant. The allegation to give this court jurisdiction is that a fraudulent conspiracy existed between the car company and a creditor, by which the state court was imposed upon, and possession of the *res* acquired by this fraud. To entertain this suit not only involves a review of the judgment of the district court of the state, but is a direct interference with property *in custodia legis,* by authority of a court having jurisdiction over the parties thereto and the subject-matter of the controversy. Such interference cannot be tolerated. After a court of competent jurisdiction, having possession of the *res,* has let go its hold, a suit could be brought in another court of concurrent jurisdiction, in which it might be the duty of the court, if fraud was alleged and proven in obtaining a decree, to prevent the parties who obtained it, and who are before the court, and claim the property by virtue of a sale with knowledge of the fraud, from appropriating the property. *Sahlgard* v. *Kennedy,* 2 Fed. Rep. 295, cited by complainant's counsel, and decided in this court, was of that character; also *Johnson* v. *Waters,* 111 U. S. 640; S. C. 4 Sup. Ct. Rep. 619. In *Barrow* v. *Hunton,* 99 U. S. 80, jurisdiction was sustained

for the reason that the laws of Louisiana provided for an action of nullity, and the controversy was between citizens of different states. This suit is of an entirely different description, and presents a question similar to that decided in cases of *Wiswall* v. *Sampson*, 14 How. 52; *Heidritter* v. *Elizabeth Oil-cloth Co.*, 112 U. S. 294; S. C. 5 Sup. Ct. Rep. 135; *Levi* v. *Columbia Ins. Co.*, 1 Fed. Rep. 206; and *Hamilton* v. *Choteau*, 6 Fed. Rep. 339. In these latter cases the doctrine announced in *Peck* v. *Jenness*, 7 How. 624, and *Taylor* v. *Carryl*, 20 How. 583, was fully sustained, and carried to its legal sequence.

Demurrer sustained, and bill dismissed.

MILLER, Justice. I concur in this opinion.