SCHENCK, J., took no part in the consideration or decision of this case.
The above entitled special proceeding was begun before the clerk of the Superior Court of Hoke County on 8 November, 1919. By an order entered in said proceeding, and duly signed by the clerk and approved by the judge of said court, the petitioner, Mrs. Ella Yeomans Quick, guardian, was authorized and empowered to borrow from the Federal Land Bank of Columbia the sum of $5,000, to be expended by her in the improvement of lands in Hoke County, owned by her wards, subject to her life estate, and to secure the payment of said sum by a mortgage on said lands to the Federal Land Bank of Columbia. Pursuant to said order, the money was borrowed and the mortgage was executed and duly recorded in Hoke County.
On 12 December, 1933, Madge L. Yeomans, James E. Yeomans, Lillie J. Yeomans and Gussie Yeomans, each of whom had become of age in the meantime, filed a petition in said proceeding, in which on the facts alleged therein, they prayed that said order be declared void and set aside, and that said mortgage be canceled. Summons was issued in said proceeding and duly served on the Federal Land Bank of Columbia, requiring said bank to appear before the clerk of the Superior Court of Hoke County, on or before 20 January, 1934, and answer or demur to the petition.
Before the time for filing its answer or demurring to the petition had expired, the Federal Land Bank of Columbia filed its petition for the removal of the cause from the Superior Court of Hoke County to the District Court of the United States for the Middle District of North Carolina, for trial. This petition was accompanied by bond as required by statute, and was as follows:
"To the Honorable, the Superior Court of Hoke County, North Carolina:
Your petitioner, the Federal Land Bank of Columbia, respondent named in the above entitled cause, respectfully represents:
1. That your petitioner, the Federal Land Bank of Columbia, was at and prior to the time of the commencement of this suit, and has been since and is now a corporation created, organized and existing under and by virtue of an act of the Congress of the United States of *Page 629 
America, approved 17 July, 1916, and entitled "The Federal Farm Loan Act," with its principal place of business in the city of Columbia, county of Richland, State of South Carolina.
2. That the petitioners in the above named suit are residents and citizens of the county of Hoke, State of North Carolina.
3. That the above entitled suit is of a civil nature and that the amount in controversy therein exceeds the sum of $3,000, exclusive of interest and costs, reference being had to the petition therein, from which it appears that the cause of action therein set forth is for the cancellation of a mortgage to the Federal Land Bank of Columbia, which mortgage is in the sum of $5,000, and for the avoidance of a lien to the Federal Land Bank of Columbia on the property conveyed by said mortgage, and your petitioner alleges that the indebtedness to it secured by said mortgage and the value of said land therein conveyed and at the time of the commencement of said suit and still does exceed the sum of $3,000, exclusive of interest and costs.
4. That the above entitled suit is of a civil nature in equity, arising under the laws of the United States of America, in that your petitioner, the Federal Land Bank of Columbia, is a corporation chartered, organized and existing under an act of Congress, as aforesaid, and that the government of the United States of America is the owner of more than one-half of its capital stock; that the subscription by the United States Government to stock in the Federal Land Bank of Columbia, the respondent, was made by the Secretary of the Treasury of the United States of America in behalf of the United States of America pursuant to an act of Congress approved 23 January, 1932; that by reason of the ownership of the stock of the Federal Land Bank of Columbia by the United States of America, the said controversy can be fully and completely determined as between the said parties in the United States District Court for the Middle District of North Carolina only, and that your petitioner desires to remove the above entitled civil suit to the United States District Court for the Middle District of North Carolina.
5. That the time within which your petitioner is required by the laws of this State and rules of this court to answer or plead to the petition in the above entitled suit has not yet expired.
6. That your petitioner files herewith a good and sufficient bond in compliance with the acts of Congress in such cases made and provided, and conditioned as the law directs that it will within the time required by law file a certified copy of the record in the above entitled suit in the said District Court of the United States for the Middle District of North Carolina, and for the payment of all costs which may be awarded by said court if the said court should determine that the above entitled suit was improperly or wrongfully removed thereto. *Page 630 
Wherefore, your petitioner, the Federal Land Bank of Columbia, respondent in the above entitled cause, prays that this court proceed no further herein except to order the removal of the above entitled civil suit to the District Court of the United States for the Middle District of North Carolina, accept the bond herewith submitted and direct a transcript of the record to be made and certified as by law provided."
Upon the hearing of said petition, judgment was rendered as follows:
"This cause coming on to be heard before the undersigned judge holding the January Term of Superior Court for said county and State, and after due consideration of the petition of the corporate defendant to remove the above cause, this court is of the opinion that no proper grounds have been shown for a removal, and that the matters can be duly adjudicated in this court.
It is therefore, on motion of John Newitt and Ray S. Farris, attorneys for the petitioners, ordered, adjudged and decreed that the motion of the corporate defendant be, and it hereby is overruled, and the corporate defendant is hereby ordered to answer the petition filed in the above cause within thirty days hereafter."
From this judgment, the respondent appealed to the Supreme Court.
It is provided by statute in this State that "on application of the guardian by petition, verified by oath, to the Superior Court, showing that the interest of the ward would be materially promoted by the sale or mortgage of any part of his estate, real or personal, the proceeding shall be conducted as in other cases of special proceedings; and the truth of the matters alleged being ascertained by satisfactory proof, a decree may thereupon be made that a sale or mortgage be had by such person, in such way, and on such terms as may be shall be made until approved by the judge of the court, nor shall the same be valid, nor any conveyance of title made unless confirmed and directed by the judge and the proceeds of the sale or mortgage shall be exclusively applied and secured to such purposes, and on such trusts as the judge shall specify. The guardian may not mortgage the property of his ward for a term of years in excess of the time fixed by the court in its decree." N.C. Code of 1931 (Michie), sec. 2180.
The petitioners allege in the petition filed by them in the above entitled proceeding that the order or decree made therein, authorizing and empowering their guardian to borrow money from the Federal Land Bank of Columbia, and to secure the payment of the same by a *Page 631 
mortgage on their lands to said bank, was not made in strict compliance with the provisions of the statute, and that for that reason the said order or decree is invalid. They do not allege that the said order or decree or that the mortgage executed pursuant thereto, was procured by fraud, or entered or executed by mistake or accident. They do not rely upon any principle of equity for the relief prayed for, but on the facts alleged in their petition, they pray that the order or decree be declared void and set aside, and that the mortgage be canceled. The proceeding was pending on said petition, at the time the petition for removal was filed by the respondent.
This is not an action at law or a suit in equity, within the provisions of the act of Congress, providing for the removal in certain cases of any suit of a civil nature, at law or in equity, from a State Court to the District Court of the United States. Jud. Code, section 28, as amended. SeeBarrow v. Hunton, 99 U.S. 80, 25 L.Ed., 407.
The judgment in the instant case is affirmed on the authority of the cited case, which has been generally followed by both State and Federal courts.
Affirmed.
SCHENCK, J., took no part in the consideration or decision of this case.