**LEDGEDALE OF PENNSYLVANIA, INC., Plaintiff,**

v.

**Charles M. CARROLL, Defendant.**

Civ. No. 79–280.

United States District Court,
M. D. Pennsylvania.

Sept. 19, 1979.

Jack G. Linshaw, Milford, Pa., for plaintiff.

John Barry Beemer, Beemer, Rinaldi, Fendrick & Mellody, Scranton, Pa., for defendant.

## MEMORANDUM AND ORDER

CONABOY, District Judge.

This matter is currently before the Court on Plaintiff Ledgedale of Pennsylvania, Inc.'s Motion to Remand this proceeding to the Courts of Common Pleas of Wayne and Pike Counties, Pennsylvania.

The plaintiff in this action, Ledgedale of Pennsylvania, Inc. executed a mortgage on a tract of land known as "Woodledge Village" located in Wayne and Pike Counties to Defendant Charles M. Carroll on April 21, 1975. On July 13, 1977, Carroll filed a Complaint in mortgage foreclosure in the Court of Common Pleas of Pike County. On September 13, 1977 that Court entered a judgment in favor of the mortgagee in the amount of $129,093.75. Carroll filed an exemplified record of the Pike County proceedings and judgment in Wayne County on April 6, 1978, along with a Praecipe for Writ of Execution. The Prothonotary issued the Writ of Execution, which was then

delivered to the Sheriff of Wayne County. Pursuant to this Writ, the Sheriff of Wayne County sold all the property levied upon to Defendant Carroll for the sum of one dollar ($1.00) plus costs. The Sheriff did not prepare or deliver any deed to the property, nor file any Schedule of Distribution.

■ On February 6, 1979, Plaintiff Ledgedale filed Petitions to Set Aside the Sheriff's sale of Ledgedale's land in Wayne and Pike Counties. On March 6, 1979, Defendant Charles M. Carroll filed a petition to remove both of these actions to this Court, pursuant to 28 U.S.C. § 1441. Plaintiff Ledgedale then filed a motion to remand the proceedings to the Courts of Common Pleas of Wayne and Pike Counties, and Carroll filed a reply in opposition to remand. Because we find that the proceedings herein are essentially a procedural attack on the Sheriff's sale, and are not complete and independent from the proceedings in the lower Court, we will grant the petition to remand.

The removal of suits to Federal Court is governed by Statute; it is not a matter of right. Carroll's original motion to remove was based on 28 U.S.C. § 1441, which authorizes the removal of any civil action brought in a State Court of which the District Court has original jurisdiction. The Defendant may petition for removal to the District Court of the district and division embracing the place where the action is pending. In support of his petition Carroll alleged that the action involved a controversy wholly between citizens of different states, and a claim in excess of $10,000, that the District Court therefore did have original jurisdiction over the matter, and removal was proper.

In its petition to remand to the State Court, Ledgedale contends that its actions to set aside the Sheriff's sale are not independent suits, but are supplemental and collateral to the action in mortgage foreclosure and are not removable.

The question before this Court then is whether or not the actions to set aside the Sheriff's sale are independent and therefore removable.

The seminal case in this area is *Barrow v. Hunton,* 99 U.S. 80, 25 L.Ed. 407, an action which was brought to set aside a default judgment rendered by the Louisiana Court for lack of proper service upon the Defendant. There the Court outlined the governing principles in this area.

The question presented with regard to the jurisdiction of the circuit court is whether the proceeding to procure nullity of the former (state court) judgment . . . is or is not in its nature a separate suit, or whether it is a supplementary proceeding so connected with the original (state) suit as to form an incident to it, and substantially a continuation of it. If the proceeding is tantamount to the common-law practice of moving to set aside a judgment for irregularity, or to a writ of error, or to bill of review or an appeal it would belong to the latter category, and the United States Court could not properly entertain jurisdiction of the case . . .

On the other hand, if the proceedings are tantamount to a bill in equity to set aside a decree for fraud in the obtaining thereof, then they constitute an original and independent proceeding . . . In the one class, there would be a mere revision of errors and irregularities, or of the legality and correctness of the judgments and decrees of the state courts; and in the other class, the investigation of a new case arising upon new facts, although having relation to the validity of an actual judgment or decree, or of the party's right to claim by any benefit by reason thereof.

The character of the cases themselves is always open to examination for the purpose of determining whether the Courts of the United States are incompetent to take jurisdiction thereof. State rules on the subject cannot deprive them of it. *Barrow v. Hunton,* 99 U.S. 80, 82, 83, 85.

In *Barrow,* the Court found that the statutory proceeding brought under Louisiana law to have the judgment declared a nullity for lack of proper service was a direct attack, and therefore not removable.

The action involved here is a petition to set aside a Sheriff's sale for failure to comply with Pennsylvania Rules of Civil Procedure 3131 governing the Sale of Land in two counties. Plaintiff also alleges that the price was inadequate and that the Wayne County Court and Sheriff were without jurisdiction to issue a Writ of Execution on a judgment rendered in Pike County. Although under Pennsylvania law an action to set aside a Sheriff's Sale of Real Estate is characterized as a separate equitable action,[1] we find that the grounds for attack raised by the Plaintiff Ledgedale constitute a direct attack on the procedural validity of the sale, and for Federal removal purposes do not present an independent controversy.

In his reply to Plaintiff's petition to remand, Defendant Carroll presents a second ground for removal, i. e. that the case now involves a Federal question because of bankruptcy proceedings against a prior owner of Ledgedale's stock and subsequent uncertainty as to the identity of that corporation's legal owners.[2] Carroll claims that the Federal Bankruptcy Law is now "inextricably woven into the fabric of the Lawsuit"; and that removal is proper on this basis as well.

 However, in order for removal of an action to be predicated upon the assertion of a federal question, the federal question must appear as an essential element of the Plaintiff's Complaint in State Court. If the Federal question arises only as a defense or in anticipation of a defense, removal jurisdiction will not exist. *PAAC v. Rizzo*, 502 F.2d 306, 313. See also, Wright, Law of Federal Courts (2d ed. 1970) at 131 ("Defendant can remove a case where the Plaintiff relies on federal law for his claim, though the Plaintiff is perfectly willing to entrust his federal claim to a State Court, but neither party can take the case to Federal Court where Defendant sets up Federal law as a defense to a non-federal claim by Plaintiff.")

 The Plaintiff in this action, Ledgedale of Pennsylvania, Inc., was the titleholder of record of the tract involved here. Its suit was brought to contest the validity of the Sheriff's sale, a state law question. The question of the actual ownership of Ledgedale, Inc. may well be a federal question, but it was not the issue placed before the State Courts in Ledgedale's lawsuit, and Carroll may not now assert this federal question by way of defense as a means of justifying removal to the District Court.

We, therefore, find that Ledgedale of Pennsylvania, Inc.'s Petition to Remand must be granted.

---

1. See e. g. *Doherty v. Adal Corp.*, 437 Pa. 109, 112, 261 A.2d 311.

2. 28 U.S.C. § 1441(b) reads in part:
"Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution treaties or laws of the United States shall be removable without regard to the citizenship or the residence of the parties."