REVISED MARCH 26, 2012

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

February 9, 2012

No. 11-20318

Lyle W. Cayce
Clerk

WUXI TAIHU TRACTOR COMPANY, LIMITED,

Plaintiff-Appellant

v.

THE YORK GROUP, INCORPORATED,

Defendant-Appellee

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:09-CV-00014

Before REAVLEY, DAVIS, and PRADO, Circuit Judges.

PER CURIAM:[*]

Plaintiff-Appellant Wuxi Taihu Tractor Company, Ltd., filed this action for a bill of review in Texas's 157th judicial district, seeking relief from a July 2007 default judgment rendered in a previous state-court action. The bill of review action was removed to federal court, and Wuxi now appeals the district court's judgment giving effect to its denial of Wuxi's motion to remand the action to state court, and denying Wuxi relief from the 2007 state-court judgment. We vacate the judgment because the federal court had no jurisdiction and we dismiss this case.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

This is one of three related lawsuits between Wuxi, a citizen of China, and Defendant-Appellee The York Group, Inc., a citizen of Delaware and Pennsylvania. The first suit was an action that York brought against Wuxi in Texas's 165th judicial district in 2006. York claimed unfair competition and tortious interference with contract, alleging that Wuxi was copying and distributing York's casket designs. Wuxi appeared and filed an answer, which included an objection to York's failure to properly serve Wuxi. Wuxi subsequently failed to follow various orders of the state court, which entered a default judgment against Wuxi on July 26, 2007. The judgment enjoined Wuxi from copying York's caskets or distributing copied caskets in the United States. Wuxi did not appeal. At no point was the 2006 state-court action removed to federal court.

York later concluded that Wuxi was violating the injunction. Seeking to enforce the 2007 judgment, York brought a second suit against Wuxi in Texas's 129th judicial district on July 15, 2008. Wuxi removed the enforcement action to the United States District Court for the Southern District of Texas on July 29, 2008. Wuxi asserted diversity jurisdiction.[1] The enforcement action is pending in the district court.

Wuxi filed the instant action for a bill of review in Texas's 157th judicial district on December 16, 2008. York removed the bill of review action to federal court on January 5, 2009. Wuxi moved to remand the bill of review action to state court, and York moved for summary judgment on the merits. The district court denied the motion to remand and granted York's summary judgment motion.[2] Wuxi now appeals.

We review the denial of a motion to remand for lack of subject-matter jurisdiction de novo. Allen v. R & H Oil & Gas Co.[3]

---

[1] Wuxi also asserted federal question jurisdiction. Though it contains a tangential reference to the Lanham Act, 15 U.S.C. §§ 1051 et seq., York's pleading in the enforcement action did not assert any federal claim.

[2] Wuxi Taihu Tractor Co., Ltd. v. York Group, Inc., 766 F. Supp. 2d 803, 812 (S.D. Tex. 2011).

[3] 63 F.3d 1326, 1336 (5th Cir. 1995).

In Barrow v. Hunton,[4] the Supreme Court held that a supplemental, or ancillary proceeding, though formally a separate action, may not be removed independently of the original state-court lawsuit if the supplemental action is "so connected with the original suit as to form an incident to it, and substantially a continuation of it."[5]  In Barrow, the petitioner brought a petition in state court seeking a decree of nullity to relieve him of an earlier state-court judgment that he asserted had been obtained without service on him.  The parties' citizenship was diverse, and the defendant removed petitioner's action for a decree of nullity to federal court.  The Supreme Court acknowledged that a suit seeking relief from a previous state-court judgment could be removed if the asserted grounds of relief presented a substantively separate lawsuit.[6]  But federal courts lack jurisdiction over an action that is "merely tantamount to the common-law practice of moving to set aside a judgment for irregularity, or to a writ of error, or to a bill of review or an appeal . . . ."[7]

Barrow's holding applies "when an action in federal court seeks to nullify or to enforce the judgment of a prior state court suit." Beighley v. FDIC.[8]  A bill of review is a Texas-law equitable proceeding through which a party may seek relief from a judgment no longer challengeable by appeal or a motion for new trial.  Caldwell v. Barnes.[9]  Like Barrow, the instant suit is a supplementary action seeking to nullify a state-court judgment rendered in a prior suit on the basis of procedural irregularities, and Wuxi alleges no claim or defense that was not previously before the state court.  The district court reasoned that Barrow did not apply because removal of York's enforcement action made the 2007 state-court judgment the equivalent of a judgment

---

[4] 99 U.S. 80 (1878).

[5] Id. at 82-83.

[6] Id. at 83, 85.

[7] Id. at 83.

[8] 868 F.2d 776, 781 (5th Cir. 1989) (emphasis removed), superceded by statute on other grounds as stated in Tedford v. Warner-Lambert Co., 327 F.3d 423, 428 n.14 (5th Cir. 2003).

[9] 154 S.W.3d 93, 96 (Tex. 2004).

rendered by the district court.[10]  That confuses what happens when the state case is properly removed to federal court.

Judgment VACATED; case DISMISSED.

---

[10] 766 F. Supp. 2d at 808-09.