J-S76029-18

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| | | |
|---|---|---|
| MIDFIRST BANK | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MYRON L. VAN TASSEL, | : | |
| | : | |
| Appellant. | : | No. 876 WDA 2018 |

Appeal from the Order Entered, May 18, 2018,
in the Court of Common Pleas of Erie County,
Civil Division at No(s):  10398-16.

BEFORE:  BENDER, P.J.E., KUNSELMAN, J., and MURRAY, J.

MEMORANDUM BY KUNSELMAN, J.:                FILED MARCH 01, 2019

Myron L. Van Tassel appeals, pro se, from a trial court order that denied his petition to set aside a sheriff's sale.  Because the trial court already decided all of the issues in his petition during the underlying mortgage-foreclosure case, Mr. Van Tassel is precluded from relitigating them here.  Thus, we affirm.

Our disposition of this appeal rests wholly on procedural grounds; as such, only a brief discussion of the facts is required.  In 1998, Mr. Van Tassel mortgaged certain land in Erie County.  MidFirst Bank ("MidFirst") filed a complaint to foreclose on his property, and the trial court granted summary judgment to MidFirst on June 13, 2017.  Mr. Van Tassel did not appeal.

After a bankruptcy court briefly stayed MidFirst's writ of execution on its judgment, the Sheriff of Erie County auctioned off Mr. Van Tassel's real estate

in January 2018.  A few weeks later, Mr. Van Tassel filed his "Petition to Set Aside Sale."[1]

The trial court denied his petition, and Mr. Van Tassel timely appealed.

Mr. Van Tassel arises three appellate issues:

1.    Did the trial court err in not addressing the claim that MidFirst was not the holder of the note when the complaint was filed and therefore not entitled to enforce the note?

2.    Did the trial court err in not addressing the claim that MidFirst was not the real party in interest and therefore MidFirst improperly invoked the jurisdiction of the court?

3.    Did the trial court err in not addressing the claim that an order issued by a court without jurisdiction is void ab initio?

See Van Tassel's Brief at 2-3.

MidFirst does not accept Mr. Van Tassel's view of the issues before us. Instead, it raises the defense of issue preclusion.[2]  See MidFirst's Brief at 12-

_____

[1] Rather than opening a new docket, Mr. Van Tassel had the prothonotary record his petition with the papers from MidFirst's foreclosure action.

[2] MidFirst also raised this defense in the trial court.  That court did not address the issue-preclusion question and, instead, reached the merits of Mr. Van Tassel's petition.  On the merits, the trial court denied him relief.

Unlike the trial court, we refuse to reach the merits, because Mr. Van Tassel is attempting to retry a case he has already lost.  Moreover, deciding the merits of his appellate issues would, in essence, grant him a nunc pro tunc appeal from the 2017 summary judgment order — a right that expired a year-and-half ago — through the backdoor of his petition.  We decline Mr. Van Tassel's invitation to circumvent the restrictions on our appellate jurisdiction in such a manner.

17. MidFirst Bank contends that, because Mr. Van Tassel decided not to appeal the trial court's grant of summary judgment in favor of MidFirst, the doctrine of collateral estoppel bars Mr. Van Tassel from relitigating the issues from the mortgage-foreclosure action via his petition. See id. at 17.

Mr. Van Tassel disagrees that the summary-judgment order estops him from reasserting his entire defense from the mortgage foreclosure. He argues that collateral estoppel only applies to "a subsequent action or another distinct action" and that his "petition was filed in the same action" as the mortgage-foreclosure complaint. Van Tassel's Brief at 10. As we will explain below, Mr. Van Tassel is mistaken.

Applying the doctrine of "collateral estoppel . . . presents a question of law. Like all questions of law, our standard of review is de novo and our scope of review is plenary." Skotnicki v. Insurance Department, 175 A.3d 239, 247 (Pa. 2017).

"[C]ollateral estoppel is valid if, (1) the issue decided in the prior adjudication was identical with the one presented in the later action, (2) there was a final judgment on the merits, (3) the party against whom the plea is asserted was a party or in privity with a party to the prior adjudication, and (4) the party against whom it is asserted has had a full and fair opportunity to litigate the issue in question in a prior action." In re Estate of R.L.L., 409 A.2d 321, 323 n. 8 (Pa. 1979). See also Gray v. Buonopane, 53 A.3d 829, 835 n. 4 (Pa. Super. 2012). All four elements must be present.

Before discussing that test, we will address Mr. Van Tassel's theory that, because he filed his petition at the same docket number as the foreclosure action, that his petition is part of that original lawsuit. The courts of this Commonwealth have long differentiated between the two types of action at issue here. On the one hand, "a petition to set aside a sheriff sale is an equitable proceeding, governed by equitable principles." Marra v. Stocker, 615 A.2d 326, 328 (Pa. 1992). In fact, such sales are not a part of foreclosure actions. Rather, they are a form of judgment execution and may arise out of any type of civil action, not just foreclosure cases. See, e.g., Scott v. Adal Corp., 419 A.2d 548, 459 (Pa. Super. 1980) (noting that the Scotts' class action to set aside a string of sheriff's sales arose out of the Adal Corp.'s prior action against the Scotts "for a money judgment."). On the other hand, a mortgage-foreclosure proceeding is a unique "action at law." 22 Standard Pa. Practice 2d §121:26 at 422.

Thus, "under Pennsylvania law, an action to set aside a Sheriff's Sale of Real Estate is characterized as a separate, equitable action." Ledgedale of Pa., Inc. v. Carrol, 478 F.Supp. 711 (M.D. Pa. 1979) (citing Doherty v. Adal Corp., 261 A.2d 311 (Pa. 1970). We agree with the United States District Court for the Middle District of Pennsylvania. Even though Mr. Van Tassel filed his petition at the same docket number as MidFirst's original cause of action,

the petition instituted a separate, equitable action, to which the issue-preclusion doctrines of res judicata[3] and collateral estoppel could attach.

We will now discuss each of the four elements of the collateral-estoppel test.

1.    Uniformity of Issues in Prior and Current Action

In the foreclosure action, Mr. Van Tassel's "Answer to Plaintiff's Brief in Support of Its Second Motion for Summary Judgment" asserted many defenses, including a claim that "Plaintiffs are not the holder in due course of the mortgage note."   Van Tassel's Answer to Second Summary Judgment Motion at 15.  He also raised a defense of "<u>STANDING</u> . . . that the contractual assignment was not in accord with applicable law, and that the operative

_____

[3] Res judicata, Latin literally meaning "that which has been judged," prohibits parties from retrying a completed case.  Therefore, "an existing final judgment rendered upon the merits, without fraud or collusion, by a court of competent jurisdiction, is conclusive of causes of action and of facts or issues thereby litigated, as to the parties and their privies, in all other actions in the same or any other judicial tribunal of concurrent jurisdiction."   46 Am.Jur.2d, Judgments § 394 at 558-559.

For res judicata to apply, four things must be identical between the old proceeding and the new one:  "(1) identity of issues, (2) identity of causes of action, (3) identity of persons and parties to the action, and (4) identity of the quality or capacity of the parties suing or sued."  Day v. Volkswagenwerk Aktiengesellschaft, 464 A.2d 1313, 1316–1317 (Pa. Super. 1983).  Thus, res judicata is akin to collateral estoppel, but it only applies when the same parties (or their privies) are on opposite sides of both proceedings.  Because MidFirst and Mr. Van Tassel were both parties to the prior, mortgage-foreclosure action and are the same parties litigating the instant petition, res judicata also applies to the issues in this appeal.

complaint fails to state a reasonable chain of ownership for the promissory note . . . ." Id. at 18.

In his petition, Mr. Van Tassel raises both of these issues as his defenses to the sheriff's sale. Just as he did in the mortgage-foreclosure action, Mr. Van Tassel's petition attacks the validity of the note upon which MidFirst Bank based its complaint. See Petition to Set Aside Sale at 2. He also links this alleged defect in the note to MidFirst's standing to bring the action, and, through that alleged lack of standing, Mr. Van Tassel challenges the trial court's jurisdiction in the mortgage-foreclosure action. See id. at 2-3.

Accordingly, the issues Mr. Van Tassel attempts to relitigate with his petition to set aside the sale and to raise on appeal are identical to the defenses he asserted and the trial court rejected in the foreclosure action.

2. Finality of Judgment

MidFirst Bank next asserts that the trial court's summary judgment has become a final judgment on the merits. We agree.

The trial court's order granting summary judgment disposed of all the claims and parties in the foreclosure action; thus, it was a final, appealable order. See Pennsylvania Rule of Appellate Procedure 341. When a tribunal issues an appealable order, generally speaking, the aggrieved party must appeal "within 30 days." Pennsylvania Rule of Appellate Procedure 903. Accordingly, Mr. Van Tassel had until July 13, 2017 to seek relief in this Court. However, he did not timely avail himself of our appellate jurisdiction regarding the trial court's grant of summary judgment. Thus, he "lost [his] right to

- 6 -

appeal" that ruling. Cheathem v. Temple Univ. Hosp., 743 A.2d 518, 521 (Pa. Super. 1999).

Additionally, this Court has held that when a trial court enters summary judgment and an aggrieved party elects not to appeal, this creates "a final judgment on the merits . . . ." Murphy v. Duquesne University, 745 A.2d 1228, 1236 (Pa. Super. 1999), affirmed, 777 A.2d 418 (Pa. 2001). Thus, when Mr. Van Tassel's 30-day appellate clock expired, the summary judgment order became a final judgment on the merits.

### 3. Identity of Party in Both Actions

Mr. Van Tassel is the petitioner in the present, equitable action. He was also the defendant in the mortgage-foreclosure action. Thus, there is identity of party in both actions.

### 4. Full Opportunity to Assert Issues in Prior Action

Lastly, Mr. Van Tassel had a full and fair opportunity to present all the issues in his petition in the original foreclosure action, and he did, in fact, arise them.

Thus, all four elements of collateral estoppel are present.

In sum, we conclude that the doctrines of collateral estoppel and res judicata (See n. 3, supra.) both bar the relitigation of the all of the issues in Mr. Van Tassel's petition to set aside the sheriff's sale. By extension, they therefore likewise bar our consideration of all three issues that he raised in his appellant's brief.

Hence, we dismiss all of Mr. Van Tassel's appellate issues, as a matter of law, because the trial court's final judgment in the mortgage-foreclosure action precludes us from reviewing them in this subsequent, equitable action.

Order affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 3/01/2019