United States Court of Appeals
Fifth Circuit

**F I L E D**

**July 29, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-10213
Summary Calendar

_____

BARNEY JOE DONALSON, JR.,

                                        Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

                                        Respondent-Appellee.

---------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 1:03-CV-143
---------------------

Before DAVIS, SMITH and DENNIS, Circuit Judges.

PER CURIAM:[*]

     Barney Joe Donalson, Jr., a/k/a Damon Downs, Texas prisoner
# 423754, has received permission to appeal the district court's
imposition of sanctions against him.  To the extent that he
challenges the dismissal as frivolous of his 28 U.S.C. § 2241
petition, he has not received permission to do this and we will
not consider these claims.

     Donalson asserts that the district court erred in ordering
him to pay $100 because he has been deprived of the ability to

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

use his prison funds.  He has not established that the district court abused its discretion in imposing such a sanction. See Crowe v. Smith, 151 F.3d 217, 226 (5th Cir. 1998).

Donalson also challenges the district court's injunction barring him from filing a lawsuit, civil action, or habeas corpus petition in the Northern District of Texas or in any other court where the case could be removed or transferred to the Northern District of Texas.  "[T]he imposition of sanctions must not result in total, or even significant, preclusion of access to the courts."  Thomas v. Capital Sec. Services, Inc., 836 F.2d 866, 882 n.23 (5th Cir. 1988)(en banc).  We have found no authority approving a blanket prohibition on all filings in the district court.

Rather than remanding the case for modification of the sanctions order, however, acting under our general supervisory power, we MODIFY the sanctions imposed by the district court and ORDER that: Donalson is barred from filing in the Northern District of Texas any document that attempts to challenge the commencement day of his federal sentence *vis à vis* his potential release from state custody on mandatory supervision.  This provision augments the earlier sanction requiring Donalson to obtain permission to file any initial pleading in the district courts subject to this court's jurisdiction.  See In re Downs, No. 95-50282 (5th Cir. June 27, 1995)(unpublished).

The sanctions imposed are therefore AFFIRMED as MODIFIED.