# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 20, 2007**

Charles R. Fulbruge III
Clerk

No. 06-30537
Summary Calendar

JACQUELINE CARR

Plaintiff-Appellant

v.

HIBERNIA NATIONAL BANK

Defendant-Appellee

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:05-CV-1281

Before JONES, Chief Judge, and REAVLEY and PRADO, Circuit Judges.

PER CURIAM:[*]

Jacqueline Carr (Carr) appeals the district court's dismissal of her civil action against Hibernia National Bank (Hibernia)[**] for lack of subject matter jurisdiction and for failure to state a claim upon which relief may be granted. In the district court, she alleged that Hibernia improperly filed a state court civil

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[**] During the pendency of these proceedings, Hibernia merged with Capital One, N.A. (Capital One), and the defendant is now known as Capital One. To avoid confusion, we will refer to the defendant as Hibernia.

action to revive a judgment against her deceased father, A.E. Carr, Jr. (Mr. Carr), improperly served her with process in that action, and prosecuted that action for over five years. She argues that her complaint stated viable constitutional claims for violations of due process, equal protection, and invasion of privacy, as well as a claim under a provision of the National Banking Act, 12 U.S.C. § 24(6) and (7). She further states that her complaint stated viable pendent state law claims for abuse of process, wrongful litigation for debt collection, intentional infliction of emotional distress, and desecration of the deceased Mr. Carr. She asserts that her state law claims were not prescribed. For the first time on appeal, she contends that her complaint also alleged a viable state law claim for invasion of privacy. She maintains that the district court had both federal question jurisdiction and diversity jurisdiction over her complaint.

"When the basis of federal jurisdiction is intertwined with the plaintiff's federal cause of action, the court should assume jurisdiction over the case and decide the case on the merits." Eubanks v. McCotter, 802 F.2d 790, 792-93 (5th Cir. 1986). Accordingly, we will review the district court's alternative ruling that Carr's complaint failed to state a claim upon which relief may be granted.

We review a dismissal for failure to state a claim upon which relief may be granted de novo. Ramming v. United States, 281 F.3d 158, 161 (5th Cir. 2001). The complaint must be liberally construed in favor of the plaintiff, and all well-pleaded facts pleaded in the complaint must be taken as true. Campbell v. Wells Fargo Bank, 781 F.2d 440, 442 (5th Cir. 1986). "The district court's dismissal may be upheld, only if it appears that no relief could be granted under any set of facts that could be proven consistent with the allegations." Bradley v. Puckett, 157 F.3d 1022, 1025 (5th Cir. 1998).

As Carr alleged only that Hibernia initiated and prosecuted an action in state court, she did not sufficiently allege that Hibernia had engaged in state action. See Earnest v. Lowentritt, 690 F.2d 1198, 1200 (5th Cir. 1982).

2

Accordingly, Carr's complaint did not state a constitutional claim upon which relief may be granted. See Frazier v. Bd. of Trs. of Nw. Miss. Reg'l Med. Ctr., 765 F.2d 1278, 1283 (5th Cir. 1985).

It is unlikely that a private cause of action exists under the provisions of § 24(6) and (7) requiring that national banks act subject to law. Cf. Blaney v. Florida Nat'l Bank at Orlando, 357 F.3d 27, 28-31 (5th Cir. 1996) (holding no private cause of action existed under federal regulation requiring national banks to "conform to sound principles in the operation of its trust department"). Assuming arguendo that such a cause of action does exist, however, Carr's complaint did not state such a claim because no other viable claim was raised and, therefore, the complaint did not sufficiently allege that Hibernia did not act subject to law. See § 24(6) and (7).

Carr did not assert a state law claim for invasion of privacy in the district court. As this claim was not raised below, we will not consider it on appeal. See Leverette v. Louisville Ladder Co., 183 F.3d 339, 342 (5th Cir. 1999).

In her complaint, Carr alleged that Hibernia improperly filed and prosecuted the judgment revival action, but did not allege that Hibernia had any ulterior motive for filing and prosecuting the litigation. Accordingly, the complaint failed to state a claim under Louisiana law for abuse of process upon which relief may be granted. See Weldon v. Republic Bank, 414 So. 2d 1361, 1365 (La. Ct. App. 1982).

The prosecution of the judgment revival litigation was the only coercive act that Carr alleged Hibernia made. As she did not allege that Hibernia threatened her, contacted others about the debt, or interfered with her employment, her allegations do not rise to the level of coercion required to state a viable claim under Louisiana law for unreasonable coercion in the collection of a debt. See Ford Motor Credit Co. v. Diffey, 378 So. 2d 1032, 1034 (La. Ct. App. 1979). Similarly, Carr's allegations did not rise to the level of conduct so

outrageous to state a claim for intentional infliction of emotional distress.  See White v. Monsanto Co., 585 So. 2d 1205, 1209 (La. 1991).

Louisiana law recognizes a claim for desecration of the body of a deceased person.  See Dufour v. Westlawn Cemeteries, Inc., 639 So. 2d 843, 847-48 (La. Ct. App. 1994).  Louisiana law, however, does not recognize a tort for desecration or defamation of the memory of a deceased person. Gugliuzza v. K.C.M.C., Inc., 606 So. 2d 790, 791-93 (La. 1992).  As Carr did not allege that Hibernia disturbed the body of Mr. Carr, her complaint did not state a claim under Louisiana law for desecration.  See id.

Carr's argument that dismissal of her complaint was without prejudice is without merit as the order dismissing the complaint clearly stated that the dismissal was with prejudice.  Carr's argument that Hibernia waived its right to file a motion to dismiss by answering her complaint is without merit as the answer raised Hibernia's defenses and "[n]o defense or objection is waived by being joined with one or more other defenses or objections in a responsive pleading or motion." FED. R. CIV. P. 12(b).  Carr's argument that dismissal of her complaint was without prejudice is without merit as the order dismissing the complaint clearly stated that the dismissal was with prejudice.

As Carr's complaint did not state any viable claims against Hibernia, we affirm the judgment of the district court on the alternative ground that the complaint failed to state a claim upon which relief may be granted.  We do not reach Carr's assertions that the district court had diversity jurisdiction over the complaint, that a dismissal for lack of subject matter jurisdiction should be without prejudice, and that her state law claims were not prescribed.

AFFIRMED.