# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
April 23, 2010

No. 08-41097
Summary Calendar

Lyle W. Cayce
Clerk

THOMAS GIL STEWART,

Petitioner-Appellant

v.

RICK THALER, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL JUSTICE,
CORRECTIONAL INSTITUTIONS DIVISION,

Respondent-Appellee

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 6:08-CV-349

Before BENAVIDES, PRADO, and SOUTHWICK, Circuit Judges.

PER CURIAM:*

Thomas Gil Stewart, Texas prisoner # 571499, appeals the district court's decision to deny him permission to proceed as a sanctioned litigant. Stewart has been sanctioned by this court and thus must receive permission before filing any pleadings or other documents in this court or the district courts in this circuit. *Stewart v. City of Mesquite, Texas*, 149 F.3d 1178, No. 96-10931, 1998 WL 414239, at *1 (5th Cir. Jul. 6, 1998). Seeking to file a 28 U.S.C. § 2254

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

application to challenge Texas's parole procedures, Stewart requested permission to proceed in the district court, which the court denied.  This court granted him permission to proceed on appeal as a sanctioned litigant.

In the § 2254 application that Stewart wishes to file, he claims that he was denied parole on the basis of his race and that Texas's parole policies and procedures treat prisoners in similar circumstances differently on the basis of their race, in violation of the Equal Protection Clause.  He further alleges that statistical evidence supports his claim.  The district court did not address this claim when it denied Stewart permission to proceed.  Because Stewart came forward with a nonfrivolous claim for relief under § 2254, the district court abused its discretion in refusing to grant him permission to proceed with his application.  *See Balawajder v. Scott*, 160 F.3d 1066, 1068 (5th Cir. 1998); *Gelabert v. Lynaugh*, 894 F.2d 746, 747-48 (5th Cir. 1990).

Accordingly, the decision of the district court is VACATED and the case is REMANDED.  Stewart's motion to proceed in forma pauperis is GRANTED. Stewart's motions for appointment of counsel and for remand are DENIED.