**IN THE UNITED STATES COURT OF APPEALS**
 **FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
February 16, 2012

Lyle W. Cayce
Clerk

No. 10–31086

JACQUELINE CARR, in her Separate and Individual Capacity,

Plaintiff - Appellant

v.

CAPITAL ONE, N.A.,

Defendant - Appellee

Appeals from the United States District Court
for the Eastern District of Louisiana
2:10-CV-1717

Before GARZA, DENNIS, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Before this panel are several motions filed by Plaintiff-Appellant Jacqueline Carr: (1) a motion and supplemental motion to proceed as a sanctioned litigant; (2) a motion to redact and correct a corrected copy of a trial transcript for the record on appeal; and (3) a motion to obtain the official

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 10–31086

executed oath of official Cathy Pepper for possible correction and supplementation of the record on appeal. We DENY these motions.[1]

## I

These motions arise in part out of several sanction orders imposed against Jacqueline Carr ("Carr").[2]

In 1992, this court ordered that Carr, her parents, and their attorney pay $1,500 in sanctions to the Resolution Trust Corporation for filing frivolous appeals. *Resolution Trust Corp. v. Carr*, No. 90-3826, slip op. at 4 (5th Cir. Apr. 3, 1992) (unpublished). In 1995, as a sanction for filing frivolous pleadings and appeals, this court barred Carr from "filing any pleadings or documents of any kind, either in the district courts of this circuit or in this court, without advance written permission of a judge of the forum of this court." *Louisiana v. Carr*, No. 94-30604, 1995 WL 449849, at *1 (5th Cir. June 29, 1995) (unpublished). Later that year, this court ordered that Carr pay $200 in sanctions for prosecuting another frivolous appeal. *Carr v. Kingsmill*, No. 95-30408, 1995 WL 798511, at *1 (5th Cir. Dec. 20, 1995) (unpublished). In 1997, after Carr filed another appeal in violation of the sanction order entered in *Louisiana v. Carr*, this court ordered it stricken. *See In re Sealed Appellant*, No. 96-30974, slip op. at 1 (5th Cir. July 2, 1997) (unpublished). This court further ordered that Carr would "be sanctioned $100 per page for anything she attempts to file." *Id.* Most recently, the district court below sanctioned Carr $500 for making frivolous and repetitive

---

[1] While a single judge may rule on a motion for permission to proceed as a sanctioned litigant, a panel may also rule on such a motion. *See, e.g.*, *Florance v. Buchmeyer*, 258 F. App'x 702, 702 (5th Cir. 2007); *Groden v. Allen*, 192 F. App'x 276, 277 (5th Cir. 2006). We elect to so proceed.

[2] Carr is a former attorney who was disbarred after being convicted of stealing money from a client. *See In re Carr*, 874 So.2d 823, 825, 829 (La. 2004); *State v. Carr*, 618 So.2d 1098, 1099-1100, 1106 (La. Ct. App. 1993).

No. 10–31086

arguments. *Carr v. Capital One, N.A.*, No. 10-1717 (E.D. La. Nov. 10, 2010) (sanction order).

These sanction orders relate, at least in part, to long-running civil litigation that has spanned both state and federal courts in Louisiana. In July 1988, First National Bank ("FNB") sued Carr's father A.E. Carr, Jr. ("Mr. Carr"), in state court for approximately $40,000 plus interest and attorney's fees based on Mr. Carr's failure to pay three promissory notes. *First Nat'l Bank v. Carr*, 572 So. 2d 1106, 1107 (La. Ct. App. 1990). On the day of trial, Hibernia National Bank ("Hibernia"), FNB's successor in interest, was substituted as plaintiff. The trial court entered judgment for Hibernia. The court of appeal affirmed. After Mr. Carr and his wife Evella passed away, *see Hanover Ins. Co. v. White Kitchen Square*, No. 93-1826, 1995 WL 6307, at *2 n.1 (E.D. La. Jan. 6, 1995) (unpublished), Carr unsuccessfully sought to replace them as the real party-in-interest in the litigation with Hibernia. *Carr v. Hibernia Nat'l Bank*, 720 So. 2d 81, 82 (La. Ct. App. 1998) (explaining that Carr had failed to offer competent evidence to support substitution).

In January 2001, Hibernia petitioned to revive its judgment against Mr. Carr in state court. Hibernia requested that Carr, as representative of Mr. Carr's succession, be served with the petition. Carr filed exceptions to the petition. They were denied. The court of appeal dismissed Carr's appeal of these denials as interlocutory in September 2004. The state district court denied her rehearing in 2005. Carr then unsuccessfully moved to recuse the district judge from the case.

Carr then filed additional exceptions to the petition to revive judgment, which were also denied. By this point, Capital One, N.A. ("Capital One"), had merged with Hibernia and became the real party-in-interest. The state district court granted the petition to revive judgment on October 1, 2009. Carr noticed

3

No. 10–31086

her appeal from the granting of the petition to revive judgment but later voluntarily dismissed the appeal.

While the petition to revive judgment was still pending, Carr sued Hibernia in federal court in 2005. She alleged that Hibernia's actions in prosecuting the petition to revive judgment violated her constitutional rights to privacy, due process, and equal protection under the First, Fifth, and Fourteenth Amendments. Carr asserted that Hibernia's actions violated unspecified provisions of the National Banking Act, and she also raised pendent state law claims. The district court dismissed Carr's complaint for lack of subject matter jurisdiction and for Carr's failure to state a claim on which the district court could grant relief. Carr appealed the dismissal of her complaint, but this court affirmed, echoing the district court's finding that Carr had failed to state a remediable claim. *Carr v. Hibernia Nat'l Bank*, 251 F. App'x 855, 856–58 (5th Cir. 2007).

After the state trial court granted Capital One's petition to revive judgment, Carr separately sued Capital One in state court as a collateral attack. Carr alleged that Capital One's actions in the prosecution of the petition to revive judgment violated the Fourteenth Amendment and other constitutional rights under § 1983. Invoking federal question jurisdiction, Capital One removed and then moved to dismiss Carr's complaint. Capital One asserted that res judicata barred Carr's complaint; that the complaint failed to state a claim on which the district court could grant relief; and that Carr filed her claims outside the applicable statute of limitations.

Carr moved to recuse the district court judge because he had once represented the Louisiana State Bar Association in a case that Carr had filed against it in 1986. She also moved to remand, contending that Capital One had not met its burden of showing that removal was proper; that Capital One had failed to comply with a district court directive regarding the removal of cases

4

No. 10–31086

because it did not include the exhibits she had filed in the civil action with the notice of removal; and that removal was improper on comity grounds because the state court did not have jurisdiction over the petition to revive judgment that she was challenging in the civil action.

The district court ruled that the doctrines of collateral estoppel and res judicata barred her lawsuit because her claims had been litigated and were being litigated in another court of competent jurisdiction. It also denied Carr's motions for recusal and for remand; granted Capital One's motion to dismiss; and dismissed Carr's civil action with prejudice. The district court entered judgment in Capital One's favor.

Carr twice moved for reconsideration and again sought the district judge's recusal. The district court denied all Carr's motions and sanctioned her $500 for making frivolous and repetitive arguments. Carr moved to stay the imposition of sanctions, for a supersedeas bond, for relief from judgment, and to correct a transcript. The district court denied all of Carr's motions, ordered Carr not to file further pleadings in the case except for a notice of appeal, and prohibited Carr from making further filings in the court without special permission.

Carr filed a timely notice of appeal from the dismissal of her civil action and the denial of her first motion for reconsideration. She twice amended her notice of appeal to include the denials of her post-judgment motions. Before she could proceed further, the Clerk's office cautioned:

> Your appeal cannot proceed until you have established whether previous sanctions imposed against you in case numbers 95-30408, Carr v. Kingsmill, 90-3826, RTC v. Carr and 2:10-CV-1717, Carr v. Capital One, N.A., have been satisfied. Therefore, within thirty (30) days from this date, you must either submit payment to satisfy these sanctions or advise in writing whether the costs taxed against you in these cases have been paid. Attach any documentation you may have. Since case 94-3064,

5

No. 10–31086

> State of Louisiana v. Carr, barred you from filing any pleadings or documents of any kind, either in the district courts of this circuit or in this court, without the advance written permission of the court, you must also submit a motion for permission to proceed as a sanctioned litigant. If you fail to fully comply, we will dismiss your appeal without further notice.

Carr has since paid the $500 sanction imposed by the district court but does not know with certainty whether she has paid the earlier sanctions.

Since paying the $500 sanction, Carr has filed several motions: (1) a motion and a supplemental motion to proceed as a sanctioned litigant; (2) a motion to redact and correct a corrected copy of a trial transcript for the record on appeal; and (3) a motion to obtain official executed oath of official Cathy Pepper for possible correction and supplementation of record on appeal.

## II

In support of her motions to proceed as a sanctioned litigant in this appeal, Carr states that the monetary sanctions previously imposed by this court were probably satisfied. She does not have any record of the satisfaction of those sanctions, however, because her records were destroyed by Hurricane Katrina. Carr maintains that the sanctions against her cannot still be in place because she has participated unhindered in at least one appeal, *see Carr v. Hibernia Nat'l Bank*, 251 F. App'x 855 (5th Cir. 2007), since the sanctions were imposed.[3] She contends that not allowing her to proceed with this appeal would deny her access to the courts. Carr also asserts that she should be allowed to proceed with this appeal without paying the $500 sanction that the district court

---

[3] She also claims that she participated in the appeal in *Pershall v. Louisiana*, No. 98-30004, 1999 WL 152910 (5th Cir. Feb. 18, 1999) (unpublished). There is no evidence that she did. The record reflects that the district court repeatedly denied her leave to intervene and eventually threatened sanctions.

6

No. 10–31086

imposed (even though it seems that she has already paid it) and, moreover, that the district court erred by denying her request for a stay and supersedeas bond.

In evaluating Carr's motion and supplemental motion to proceed, we must first determine whether this court's earlier sanction orders apply to the present appeal. There is no evidence that the monetary sanctions imposed in *RTC v. Carr* or *Kingsmill* have been satisfied. Nevertheless, the monetary sanction orders in those cases did not include any provision preventing Carr from prosecuting appeals in this court. *See RTC v. Carr*, slip op. at 4; *Kingsmill*, 1995 WL 798511, at *1. Accordingly, the sanction orders in those cases do not require Carr to obtain permission prior to proceeding with the present appeal. But in *Louisiana v. Carr*, 1995 WL 449849, at *1, this court barred Carr "from filing any pleadings or documents of any kind, either in the district courts of this circuit or in this court, without advance written permission of a judge of the forum court of this court. Any attempt by Carr to file frivolous pleadings in the future will result in further sanctions." Thus, the sanction order in that case facially requires Carr to obtain permission before proceeding with the present appeal. *See id.*

Although this court has previously noted "that the imposition of sanctions must not result in total, or even significant, preclusion of access to the courts," *Thomas v. Capital Sec. Servs., Inc.*, 836 F.2d 866, 883 n.23 (5th Cir. 1988) (en banc), this court pondered as impermissible the imposition of "monetary sanctions that are made payable prior to the entry of a final appealable order" and cautioned against stricter blocks to judicial access not present here.[4] *See*

---

[4] While the sanction order facially prohibits Carr from filing "any pleadings or documents of any kind" in any case in the federal courts of this circuit without permission, this sanction would not prohibit Carr from filing documents in a civil or criminal case in which she was involuntarily brought into federal court as a defendant. In the present case, Carr voluntarily initiated the civil action in state court, but she was involuntarily brought into federal court when the defendant removed the action. As Carr was involuntarily brought into the district court, it would have been questionable had the district court dismissed the civil

7

No. 10–31086

*also Donalson v. United States*, 103 F. App'x 839, 840 (5th Cir. 2004) (modifying a district court's sanction order barring petitioner from filing any suits in or removable to the Northern District of Texas to instead bar petitioner from filing in that district any document that attempts to present a specific repetitious challenge); *Downs v. Tex. Dep't of Criminal Justice*, 108 F.3d 333 (5th Cir. 1997) (requiring a litigant to obtain permission in certain circumstances before proceeding before the district court); *Murphy v. Collins*, 26 F.3d 541, 544 (5th Cir. 1994) (affirming imposition of sanction requiring litigant to pay a monetary sanction and obtain permission before filing civil rights actions); *Gelabert v. Lynaugh*, 894 F.2d 746, 747–48 (5th Cir. 1990) (finding district court did not abuse its discretion in requiring a "recreational litigant," before proceeding, to pay a ten dollar sanction imposed in earlier case, even where she claimed she was unable to).  The requirement that Carr merely seek our permission before proceeding, particularly in light of her history of pressing frivolous claims, does not impose an impermissibly onerous bar to judicial access and shall be upheld.

Having concluded that the sanction order is valid and applicable to this appeal, we now turn to whether Carr has raised a nonfrivolous issue on appeal to warrant further review.  She has not.  *See Stewart v. Thaler*, 375 F. App'x 426, 427 (5th Cir. 2010) (explaining that a court should allow a sanctioned litigant to proceed where he raises a nonfrivolous claim); *see also* 5th Cir. R. 42.2 ("If . . . it appears to the court that the appeal is frivolous and entirely without merit, the appeal will be dismissed.")

---

action because of the sanction order.  *See Thomas*, 836 F.2d at 883 n.23.  The district court, however, dismissed Carr's civil action because it was barred by res judicata and collateral estoppel—not because of the sanction order.

While Carr was involuntarily brought into federal court when the defendant removed the civil action, she voluntarily filed the present appeal.  (To be clear: Were she responding as an appellee in this appeal, she would not need our permission to proceed.)  Accordingly, the burden placed on Carr at this phase is the burden to show the existence of a nonfrivolous issue for appeal.  *See Stewart*, 375 F. App'x at 427.

No. 10–31086

Citing *Barrow v. Hunton*, 99 U.S. 80 (1878), and recent district court cases, Carr asserts that the district court should have remanded this case to state court because her petition to nullify a state-court judgment was too intertwined with the original state-court action for the district court to assume jurisdiction over the case.  She maintains that the district court should have remanded her case to state court because the defendant did not file the entire record from the state court in the district court within thirty days of removal.  She also asserts that the district court erred by ordering her to pay a sanction payable to the United States Treasury rather than the district court and, moreover, that the district court erred by issuing an arrest warrant for her failure to pay the $500 sanction it had imposed.  She also challenges the district court's second sanction order requiring her to obtain permission before filing any further documents in the district court.

When a removed civil action collaterally attacks a state-court judgment that is so intertwined with the original state-court case that it is a continuation of the original state-court case, the district court should remand the civil action. *Barrow*, 99 U.S. at 82–83; *see also Rafizadeh v. Wells Fargo Bank, N.A.*, No. 07-5194, 2008 WL 200019, at *4 (E.D. La. Jan. 22, 2008) (Barbier, J.) (unpublished) (applying *Barrow*).  Carr's civil action, however, did more than collaterally attack a state-court judgment; it also raised a constitutional tort claim under § 1983 against Capital One.  Carr's § 1983 claim against Capital One arose under the Constitution and laws of the United States and was facially removable. *See* 28 U.S.C. § 1441(b) (providing that civil actions founded on claims under the Constitution, treaties, or laws of the United States are removable).  Where a non-removable claim accompanies a claim that is removable due to federal question jurisdiction, the entire civil action is removable. *See id.* § 1441(c).  Accordingly, Carr's bare assertion that *Barrow* requires remand fails to create a nonfrivolous issue for appeal.

9

No. 10–31086

28 U.S.C. § 1447(b) provides that a district court "may require the removing party to file with its clerk copies of all records and proceedings in such State court or may cause the same to be brought before it by writ of certiorari issued to such State court." After Capital One filed its notice of removal, the district court directed Capital One to file all of the state-court records within ten days. Capital One failed to file the exhibits that Carr had filed in state court because Carr did not serve Capital One with the exhibits. Carr corrected this defect by filing the missing exhibits in the district court with her motion to remand. Defects in removal procedure are not normally grounds for remand and may be cured. *In re Allstate Ins. Co.*, 8 F.3d 219, 221 n.4 (5th Cir. 1993). Accordingly, Carr's argument that the district court erred by not remanding the case due to a procedural defect does not raise a nonfrivolous issue for appeal. *See id.*

Carr's challenges to the district court's sanction orders also fail to present a nonfrivolous issue for appeal. FED. R. CIV. P. 11(c)(4) expressly allows a district court to impose monetary sanctions payable to the court. Nothing in that rule prohibits a district court from ordering that sanctions be made payable to the United States Treasury. And although the district court issued an arrest warrant for Carr, it did so for Carr's failure to appear in court as ordered. The district court vacated the arrest warrant after Carr appeared the next day and paid the $500 sanction that had previously been imposed. Because the arrest warrant was intended to force Carr to comply with orders of the court, not to punish Carr, it was a proper civil contempt sanction. *See FDIC v. LeGrand*, 43 F.3d 163, 168 (5th Cir. 1995). The district court's additional sanction order requiring Carr to obtain permission before filing documents in the district court merely duplicated the sanction order previously imposed by this court, and it therefore could not have harmed Carr. *See Louisiana v. Carr*, 1995 WL 449849,

10

No. 10–31086

at *1. Carr has not presented a nonfrivolous issue for appeal in her motions for permission to proceed as a sanctioned litigant.

### III

Carr has also moved for redaction and correction of transcript and to obtain the official executed oath of official Cathy Pepper for possible correction and supplementation of the record on appeal. Because we have denied her motion and supplemental motion to proceed as a sanctioned litigant, we do not reach these motions.

We instead must address another issue these motions implicate. Carr filed these motions in violation of this court's June 29, 1995 order, requiring her to obtain permission before filing any document in this court or the district court without first seeking permission. *See Louisiana v. Carr*, No. 94-30604, 1995 WL 449849, at *1. She should not have filed them until we acted on her motion to proceed as a sanctioned litigant.

The June 29, 1995 order also warns Carr that "any attempt . . . to file frivolous pleadings in the future will result in further sanctions." On July 2, 1997, this court further admonished Carr that she would "be sanctioned $100 per page for anything she attempts to file." *See In re Sealed Appellant*, No. 96-30974, slip op. at 1. Although the June 29, 1995, order makes clear that Carr will be subject to "further sanctions" for filing frivolous pleadings, July 2, 1997's sanctions order does not make clear whether it applies only in case no. 96-30974, or in perpetuity to all appeals filed in this court and cases filed below. Its ambiguous terms, in combination with the fact that this court has allowed her to proceed without imposing this monetary sanction in at least one other case, *see Carr v. Hibernia Nat'l Bank*, 251 F. App'x 855, counsels in favor of not reading this threatened sanction to apply outside of case no. 96-30974.

Our order that Carr request permission to proceed as a sanctioned litigant continues to stand. We make clear that she may file no other documents, aside

11

No. 10–31086

from a notice of appeal and motion to proceed as a sanctioned litigant, until a judge or panel of this court acts on any future motion to proceed.

**IV**

For the reasons above, IT IS ORDERED:  Carr's motion and supplemental motion to proceed as a sanctioned litigant are DENIED; her appeal is DISMISSED as frivolous.  Carr's other motions are MOOT.

If Carr files any other document in this docketed appeal, aside from a motion seeking rehearing or reconsideration of this order filed in compliance with this court's rules, IT IS FURTHER ORDERED: She will be sanctioned $100.00 per page for anything she files or attempts to file.

IT IS FURTHER ORDERED:  If Carr files another case in a federal district court in this circuit, or initiates an appeal in this court without first obtaining permission as is required by this court's June 29, 1995, order, she will be sanctioned $100 per page.

AND IT IS FURTHER ORDERED: Carr is sanctioned $200 for filing the two motions we have denied as moot; our previous orders make clear that she must not file any pleadings or documents before this court without first obtaining permission to proceed as a sanctioned litigant.