# United States Court of Appeals for the Fifth Circuit

---

No. 23-90016

---

In re Emanual Deleon Fields,

United States Court of Appeals
Fifth Circuit

**FILED**
June 16, 2023

Lyle W. Cayce
Clerk

*Petitioner*.

---

## Motion for Permission to Proceed as a Sanctioned Litigant

---

Before Elrod, Graves, and Ho, *Circuit Judges*.

Per Curiam:[*]

Emanual Deleon Fields, Texas prisoner # 01127671, moves for permission to proceed after having been sanctioned in order to file a motion for authorization to file a successive 28 U.S.C. § 2254 application. His repeated, unsuccessful efforts to challenge his three aggravated robbery convictions and 60-year sentence have resulted in the imposition of a $100 sanction by this court, which remains unpaid. He was also barred from filing in this court or any court subject to this court's jurisdiction any pleadings that challenge his convictions or sentence until the sanction is paid in full, unless he first obtains leave of the court in which he seeks to file his pleadings. *See In re Fields*, No. 19-10584 (5th Cir. July 15, 2019) (unpublished order).

In April 2023, Fields filed a motion for authorization to file a successive § 2254 application challenging his three aggravated robbery

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

convictions. He was advised that the motion could not proceed until he paid the previously imposed sanction and was directed to submit the payment or advise the court in writing whether he had paid the sanction. He then filed this motion to proceed as a sanctioned litigant, asserting that he is an indigent prisoner with insufficient funds to pay the $100 sanction. He requests permission to file the above-referenced motion for authorization to file a successive § 2254 application and argues that he has raised nonfrivolous issues in his motion for authorization.

Fields must obtain this court's authorization to file a successive § 2254 application. *See* 28 U.S.C. § 2244(b)(3)(A). To obtain permission, he must make a prima facie showing that his proposed application relies on either (1) "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable," or (2) a factual predicate that "could not have been discovered previously through the exercise of due diligence" and additionally that "the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found [him] guilty of the underlying offense." § 2244(b)(2); *see also* § 2244(b)(3)(C).

In his motion for authorization, Fields seeks to argue that he is actually innocent based on four allegations of ineffective assistance of counsel. This court "does not recognize freestanding claims of actual innocence on federal habeas review." *In re Swearingen*, 556 F.3d 344, 348 (5th Cir. 2009). Further, Fields may not rely on an assertion of actual innocence to serve as a gateway to overcome the bar to successive filing. *See Jackson v. Lumpkin*, 25 F.4th 339, 341-42 (5th Cir. 2022). He also had not made a prima facie showing that his claims of ineffective assistance are based on either a new rule of constitutional law or a new factual predicate that could not have been discovered previously through the exercise of due diligence as required for

No. 23-90016

authorization under § 2244(b)(2).  Therefore, Fields has not shown that he has raised a nonfrivolous issue in his motion for authorization.  *See Gelabert v. Lynaugh*, 894 F.2d 746, 748 (5th Cir. 1990); *see also Carr v. Capital One, N.A.*, 460 F. App'x 461, 467 (5th Cir. 2012).

Accordingly, Fields's motion for permission to proceed as a sanctioned litigant is DENIED.  Fields is again CAUTIONED that the filing of frivolous or repetitive challenges to his aggravated robbery convictions and sentence in this court or any court subject to this court's jurisdiction will subject him to additional and progressively more severe sanctions.