In the

# United States Court of Appeals

### For the Seventh Circuit

No. 15-2469

SYED RIZVI and PRIME BUILDERS & DEVELOPMENT, INC.,

*Plaintiffs-Appellants*,

*v.*

ALLSTATE CORPORATION, also known as
ALLSTATE INDEMNITY COMPANY,

*Defendant-Appellee*.

Appeal from the United States District Court for the
Northern District of Illinois, Eastern Division.
No. 13 C 6924 — **Thomas M. Durkin**, *Judge*.

ARGUED APRIL 14, 2016 — DECIDED AUGUST 12, 2016

Before POSNER, KANNE, and HAMILTON, *Circuit Judges*.

HAMILTON, *Circuit Judge*. We hold in this appeal that a separate basis for federal subject matter jurisdiction is necessary when, in a federal supplemental proceeding, a judgment creditor seeks to maintain an action under 735 Ill. Comp. Stat. § 5/2-1402(c)(6) against a third party on the ground that the third party is indebted to the judgment debtor. Such an action

is sufficiently independent of the underlying case as to require its own basis for subject matter jurisdiction. There was no separate basis for jurisdiction in this case, so we affirm the judgment of the district court dismissing the supplemental proceeding for lack of subject matter jurisdiction.

Plaintiffs Syed Rizvi and his company, Prime Builders & Development, Inc., performed repair work for Mirza Alikhan, whose house had been damaged in a fire. When the work was completed in 2009, Alikhan paid Rizvi only part of what he owed. Rizvi sued suit for breach of contract in federal district court, invoking the court's diversity jurisdiction under 28 U.S.C. § 1332. (Rizvi and Prime Builders are Illinois citizens. Alikhan is a citizen of Texas.) When Alikhan failed to appear to defend the suit, plaintiffs obtained a default judgment.

Plaintiffs then served a citation to discover assets on Allstate Corporation pursuant to an Illinois statute that governs supplementary proceedings to assist in collecting on a judgment. See 735 Ill. Comp. Stat. § 5/2-1402; see also Fed. R. Civ. P. 69(a) (adopting state law for procedures to execute judgments and obtain relevant discovery). The statute permits the creditor to prosecute supplementary proceedings "for the purposes of examining the judgment debtor or any other person to discover assets or income of the debtor not exempt from the enforcement of the judgment…." § 5/2-1402(a). The district court ordered Allstate to respond to the citation and determined it would take no further action in the case absent a motion from the parties.

Allstate responded that Alikhan had no accounts of any sort with Allstate. Allstate also said: (1) Alikhan had no claims pending with Allstate; (2) Alikhan's most recent claim had

been opened and closed in 2008; and (3) Allstate did not owe any insurance payments to Alikhan.

Plaintiffs then asked the district court to order Allstate to remit "outstanding insurance proceeds of $110,926.58" and to impose sanctions against Allstate pursuant to Federal Rule of Civil Procedure 11(b)(4). Plaintiffs attacked Allstate's response as "baseless" and offering "absolutely no evidence that Allstate is not holding [Alikhan's] insurance proceeds." According to plaintiffs, Allstate had participated in negotiating the repair contract. Their evidence was that Allstate Indemnity Company was listed as the insurance company on the contractor estimate. Plaintiffs also contended that Allstate had made a partial payment to Alikhan and Prime Builders in 2008. Through this conduct, plaintiffs argued, Allstate had essentially admitted a valid insurance policy was in effect at the time of the fire but had refused without justification to pay the rest of the proceeds for the repairs on Alikhan's property.

The district court held a status hearing and sensibly raised the question of subject matter jurisdiction. Diversity of citizenship had existed between the plaintiffs and Alikhan, but Allstate, like plaintiffs Rizvi and Prime Builders, is a citizen of Illinois. Following the hearing, the court denied the turnover motion. The court noted that plaintiffs had served Allstate with the citation to discover assets, and Allstate had responded that it had no assets belonging to Alikhan, completing the process described in 735 Ill. Comp. Stat. § 5/2-1402(a). The court then considered whether the remainder of the statute authorized a turnover order.

Once a judgment debtor's assets have been discovered under § 5/2-1402(a), the statute focuses primarily on actions a

creditor can take against the judgment debtor itself. Two provisions, though, can apply to parties other than the judgment debtor. One grants the court the power to compel "any person cited, other than the judgment debtor, to deliver up any assets so discovered … when those assets are held under such circumstances that in an action by the judgment debtor he or she could recover them in specie or obtain a judgment for the proceeds or value thereof as for conversion or embezzlement." § 5/2-1402(c)(3). The district court rejected this provision as a basis for the turnover order because no assets belonging to Alikhan had been "so discovered" through the citation.

The other provision allows the court to authorize the judgment creditor "to maintain an action against any person or corporation that, it appears upon proof satisfactory to the court, is indebted to the judgment debtor, for the recovery of the debt…." § 5/2-1402(c)(6). This provision provides the plaintiffs with a mechanism to attempt to recover any insurance proceeds that Allstate allegedly owed Alikhan. It permits them to step into Alikhan's shoes to assert any rights he might have under the insurance policy as a means to satisfy the default judgment. The district court, however, relied on our opinion in *Travelers Property Casualty v. Good*, 689 F.3d 714 (7th Cir. 2012), to hold that plaintiffs' effort to recover insurance proceeds directly from Allstate was so independent from the original contract action against Alikhan that it required an independent basis for subject matter jurisdiction. Without diversity of citizenship, there was no basis for jurisdiction. The district court dismissed plaintiffs' claim against Allstate for lack of subject matter jurisdiction.

Plaintiffs appealed but inexplicably failed to address the district court's ruling on subject matter jurisdiction or the effect of *Travelers*, the foundation of the dismissal. Instead, they devoted their brief to a new argument, that Allstate's response to the original citation to discover assets does not qualify as an "affidavit" under Illinois Supreme Court Rule 191(a). Even if the plaintiffs were correct, the point would still be irrelevant. Allstate was ordered to respond to the citation, and it did. It was not ordered to respond with an affidavit that complied with Rule 191(a), nor does the statute require one. Allstate answered in a document prepared by an Allstate agent and declared under penalty of perjury pursuant to 28 U.S.C. § 1746 that it was not holding any assets belonging to Alikhan. Given this evidence, the district court was correct that there was no basis for a turnover order under § 5/2-1402(c)(3). See *Lange v. Misch*, 598 N.E.2d 412, 415 (Ill. App. 1992) (statute does not authorize "the entry of a judgment at a supplementary proceeding against a third party who does not possess assets of the judgment debtor").

Plaintiffs' real argument seems to be that Allstate is lying—that, contrary to its declaration in the record, Allstate *is* holding Alikhan's assets in the form of unpaid insurance proceeds. Well, perhaps. We take no position on that question. For the district court and for us, the critical jurisdictional point is that resolving that dispute takes the case out of the sphere of § 5/2-1402(c)(3), which applies when the third party is holding the debtor's assets (in a bank account, for example), and into the realm of § 5/2-1402(c)(6), which applies when the third party *may* be indebted to the debtor and allows the judgment creditor to maintain a separate action on that basis.

As we explained in *Travelers*, such a dispute under § 5/2-1402(c)(6) presents a separate action that requires its own basis for federal jurisdiction. *Travelers* involved an underlying state court class action alleging violations of the Fair and Accurate Credit Transactions Act of 2003, 15 U.S.C. § 1681c(g). The case had been settled by the original parties. As part of the settlement, the original defendant assigned the plaintiffs its claims against and rights to payment under an insurance policy issued by Travelers. 689 F.3d at 716. Class representative Good filed a citation to discover assets against Travelers in the state court pursuant to § 5/2-1402. Travelers then filed an action in federal district court seeking a declaratory judgment that its policies did not cover the class members' statutory claims. 689 F.3d at 717.

We held that the district court lacked subject matter jurisdiction over Travelers's declaratory judgment suit because the claims of the individual defendants could not be aggregated to satisfy the amount-in-controversy requirement of 28 U.S.C. § 1332. *Id.* at 723. In coming to this conclusion, we held that there was no evidence that the original defendant had assigned its insurance proceeds to the class in order to defeat federal jurisdiction—primarily because we concluded that Travelers could have removed the citation proceeding to federal court as its own separate action. *Id.*

We explained that the removal statute, 28 U.S.C. § 1441, permits removal of independent suits, though not ancillary or supplementary proceedings. 689 F.3d at 724, citing *Federal Sav. & Loan Ins. Corp. v. Quinn*, 419 F.2d 1014, 1018 (7th Cir. 1969), and *Barrow v. Hunton*, 99 U.S. 80, 83 (1878). There is no bright-line formula for separating supplemental and independent proceedings for removal purposes, but we said that

a proceeding is independent, and thus potentially removable, where it presents "genuine disputes with new parties and raise[s] new issues of fact and law." *Travelers*, 689 F.3d at 725 (citations omitted). We found that "the citation proceeding against Travelers was separate from the underlying suit" and "could have been removed if the requirements of diversity jurisdiction were satisfied." *Id.* "[A]s the dispute over insurance coverage crystallized in the state court, the citation proceeding became an 'action … for the recovery of the debt.'" *Id.*, quoting § 5/2-1402(c)(6). The district court correctly recognized here that this case, like *Travelers*, involves a citation proceeding that has become separate from the underlying suit and needs its own basis for jurisdiction.

In oral argument, plaintiffs argued that *Travelers* is irrelevant because the insurance company in *Travelers* contested coverage and Allstate has not done so here. As evidence, plaintiffs point out that Allstate does not deny that it made a partial payment on the repairs. The critical point in *Travelers* was not the specifics of the insurer's defense. What mattered was that the decision to contest coverage established a new dispute governed by law distinct from the underlying consumer class action and based on different facts. See *Travelers*, 689 F.3d at 724–26. Likewise, in this case Allstate has taken the position that it does not owe Alikhan any money and is not holding any proceeds from his claim. It has produced a statement under penalty of perjury to that effect. Any further proceedings—for example, to contest coverage, to dispute whether additional payment is owed, or to litigate exclusions or policy limits—will require litigation that relies on different facts and law than the underlying breach of contract claim against Alikhan. Under *Travelers*, this is a separate dispute that requires its own basis for federal jurisdiction. There is

none, so the district court correctly dismissed plaintiffs' § 5/2-1402(c)(6) claim for lack of subject matter jurisdiction. Plaintiffs may seek relief from Allstate in an Illinois state court, but not in a federal court.

The judgment of the district court is AFFIRMED.