In the

# United States Court of Appeals
### For the Seventh Circuit

No. 23-1299

MARIA JIMENEZ and JOSE JIMENEZ,

*Plaintiffs-Appellants*,

*v.*

STEPHEN KIEFER,

*Defendant*,

*and*

TRAVELERS COMMERCIAL INSURANCE COMPANY,

*Appellee*.

Appeal from the United States District Court for the
Northern District of Illinois, Eastern Division.
No. 1:22-cv-02924 — **Elaine E. Bucklo**, *Judge*.

ARGUED NOVEMBER 30, 2023 — DECIDED MAY 7, 2024

Before HAMILTON, KIRSCH, and PRYOR, *Circuit Judges*.

KIRSCH, *Circuit Judge*. Stephen Kiefer was in an auto accident with a bus in which Maria Jimenez was riding. Not long after, Mrs. Jimenez, through counsel, requested $100,000 from Kiefer's auto insurer, Travelers Commercial Insurance

Company, to settle her claim against Kiefer. Travelers refused the offer. Mrs. Jimenez and her husband, Jose Jimenez, then sued Kiefer in Illinois court. Travelers offered $100,000 to settle the claims, but the Jimenezes rejected it. They then entered into an agreement with Kiefer under which he stipulated to a judgment against himself and assigned his rights and claims against Travelers to the Jimenezes. In exchange, they covenanted not to execute the judgment against Kiefer personally.

After the judgment against Kiefer was entered, the Jimenezes initiated a citation proceeding under 735 ILCS 5/2-1402 in Illinois court against Travelers, seeking to discover whether it held any of Kiefer's assets. Travelers removed the action to federal court and, after the court denied the Jimenezes' motion to remand, filed for summary judgment. The district court granted summary judgment for Travelers, finding that Kiefer and the Jimenezes (as his assignees) were entitled to nothing under the insurance policy and had no claim for breach of any duties Travelers owed Kiefer. We have little to add to the district court's well written orders, agree with the conclusions set out therein, and affirm.

I

Stephen Kiefer rolled through a stop sign and collided with a bus on which Maria Jimenez was a passenger. Mrs. Jimenez's counsel notified Kiefer's auto insurer—Travelers— that she was represented by an attorney and, in response, Travelers sought certain information to research Mrs. Jimenez's claim, including her medical records and bills. Mrs. Jimenez's counsel disclosed that she had incurred over $15,000 in medical bills, and Travelers responded by revealing the $100,000 limit on Kiefer's policy.

Mrs. Jimenez's counsel made a time-sensitive demand on Travelers for the policy limit of $100,000 to settle her claim against Kiefer. Expressing concern that her injuries were not caused by the accident, Travelers requested more medical records to evaluate her claim. But Mrs. Jimenez's counsel refused to provide the information. Because her counsel failed to provide additional records, Travelers did not convey a settlement offer, and Mrs. Jimenez's demand expired.

Mrs. Jimenez and her husband, Jose Jimenez, then sued Kiefer in Illinois court seeking damages for Mrs. Jimenez's injuries and for Mr. Jimenez's loss of consortium. Travelers appointed attorneys to defend Kiefer in the suit, but after receiving notice that Mrs. Jimenez underwent shoulder surgery, Travelers authorized Kiefer's counsel to offer the $100,000 policy limit to settle the claim. The Jimenezes rejected the offer.

Their counsel then sent a proposed resolution of the matter to Kiefer's counsel. Under the terms of the proposal, Kiefer stipulated to a $600,000 judgment against himself and assigned all his claims and rights against Travelers to the Jimenezes in exchange for a covenant not to execute the judgment against him personally. Kiefer accepted the proposal, and his counsel notified Travelers. Pursuant to the stipulation, the state court entered a $600,000 judgment against Kiefer.

The Jimenezes next filed a citation to discover assets under 735 ILCS 5/2-1402 in state court and served it on Travelers. The citation required Travelers to disclose whether it held any assets belonging to Kiefer. Travelers responded by filing a notice of removal, and the Jimenezes moved to remand the week after. Travelers also filed an answer to the citation denying

that it possessed any property belonging to Kiefer, including unpaid insurance proceeds. It asserted it owed Kiefer nothing because the insurance policy only covered damages for which Kiefer becomes legally responsible, and the covenant not to execute rendered Kiefer not legally responsible for the damages in the judgment. The court denied the motion to remand, and Travelers moved for summary judgment. The court granted the motion, concluding that the Jimenezes, as Kiefer's assignees, could not recover under the policy in light of the legally responsible provision. The Jimenezes appealed.

## II

Travelers removed the citation proceeding under 28 U.S.C. § 1441(a), arguing that the proceeding was within the court's original diversity jurisdiction under 28 U.S.C. § 1332. The Jimenezes first assert that the district court should have remanded because diversity jurisdiction was lacking, the forum defendant rule of 28 U.S.C. § 1441(b)(2) barred removal, and Kiefer did not consent to the removal as required by 28 U.S.C. § 1446(b)(2)(A). We review the denial of a motion to remand de novo. *GE Betz, Inc. v. Zee Co.*, 718 F.3d 615, 622 (7th Cir. 2013).

## A

Section 1332 requires complete diversity among the parties, which exists only if no plaintiff is a citizen of the same state as any defendant. *Wisconsin Dep't of Corr. v. Schacht*, 524 U.S. 381, 388 (1998). A court must, however, disregard nominal or formal parties in determining whether there is complete diversity. *Navarro Sav. Ass'n v. Lee*, 446 U.S. 458, 461 (1980). And if a defendant is nominal, other requirements for removal are impacted. First, while the forum defendant rule

precludes removal if any defendant is a citizen of the state in which the action was brought, it does not apply to a nominal defendant. *GE Betz, Inc.*, 718 F.3d at 631. Second, a nominal defendant's consent is not required for removal as it otherwise would be under § 1446(b)(2)(A). *Matter of Amoco Petroleum Additives Co.*, 964 F.2d 706, 711 (7th Cir. 1992). A defendant is nominal if: (1) the plaintiff "does not seek relief" from him, *R.C. Wegman Const. Co. v. Admiral Ins. Co.*, 629 F.3d 724, 726 (7th Cir. 2011); or (2) "there is no reasonable basis for predicting that [he] will be held liable," *GE Betz, Inc.*, 718 F.3d at 631 (quotation omitted).

Travelers is a citizen of Connecticut, the Jimenezes are citizens of Illinois, and Kiefer is also a citizen of Illinois. Thus, unless Kiefer is a nominal defendant, not only is complete diversity lacking, but also both § 1441(b)(2) and § 1446(b)(2)(A) bar removal.

As the district court found, Kiefer is a nominal defendant. Because the Jimenezes agreed that they would not seek to enforce the judgment against Kiefer so long as he cooperated with their suit, they sought no relief from him and there was no reasonable basis to predict that he would be held liable. He was a "mere bystander[] or formal part[y]" in the citation proceeding—a nominal defendant—and his citizenship could be disregarded for diversity purposes. *Amoco*, 964 F.2d at 711. For this reason, Kiefer's Illinois citizenship and his failure to consent to the removal do not bar removal under the forum defendant rule, *GE Betz, Inc.*, 718 F.3d at 631, or under § 1446(b)(2)(A), *Amoco*, 964 F.2d at 711.

B

Even though there is complete diversity, we have inter-preted § 1441 to only permit removal of independent suits, not ancillary or supplementary proceedings. *Travelers Prop. Cas. v. Good*, 689 F.3d 714, 724 (7th Cir. 2012). Citation pro-ceedings under 735 ILCS 5/2-1402 may or may not be inde-pendent, depending "on the context of each case." *Good*, 689 F.3d at 724. There is no bright-line rule for independence, but such proceedings are generally independent and removable when they "present genuine disputes with new parties and raise new issues of fact and law" and thus are not "a mere incident or continuation" of the original action. *Id.* at 724–25. In this citation proceeding Travelers is a "new and different party" that was not party to the underlying tort suit, so the question is whether the proceeding involved an "independ-ent controversy." *GE Betz, Inc.*, 718 F.3d at 623.

A brief explanation of how a citation proceeding under § 5/2-1402 progresses is needed to answer this question. The initial steps in a citation proceeding against a third party are like discovery: the judgment creditor serves the citation on a third party, and the third party responds by filing an answer admitting or denying that it holds any of the judgment debtor's assets. See *Rizvi v. Allstate Corp.*, 833 F.3d 724, 725 (7th Cir. 2016) (citing 735 ILCS 5/2-1402(a)). If any assets are dis-covered, the court may issue a turnover order under § 5/2-1402(c)(3) requiring the third party to "deliver up any assets" of the judgment debtor. *Id.* at 726 (quoting 735 ILCS 5/2-1402(c)(3)). But even if the third party denies holding any as-sets, under § 5/2-1402(c)(6) the court can authorize the judg-ment creditor "to maintain an action against any person or corporation that, it appears upon proof satisfactory to the

court, is indebted to the judgment debtor, for the recovery of the debt." *Id.* (quoting 735 ILCS 5/2-1402(c)(6)).

Our cases make clear that when a "third party may be indebted to the debtor," we are in the realm of § 5/2-1402(c)(6), and the action is independent and removable. *Rizvi*, 833 F.3d at 726. In *Travelers Property Casualty v. Good*, 689 F.3d 714, 716–17 (7th Cir. 2012), after an insured settled a class action and assigned its claims against its insurer to the plaintiffs, the plaintiffs filed a citation proceeding, and the insured filed a declaratory judgment action seeking a declaration that its policies did not cover the claims. We held that the citation proceeding could have been a removable, independent action once "the dispute over insurance coverage crystallized in the state court" and thereby became an action to recover debt under § 5/2-1402(c)(6). *Id.* at 725.

We expounded further on this issue in *Rizvi v. Allstate Corp.*, 833 F.3d 724 (7th Cir. 2016). In *Rizvi*, the plaintiffs obtained a default judgment against an insured party in federal court, served a citation on the insurer—Allstate—and Allstate answered that it owed no insurance payments or proceeds to the insured. *Id.* at 725. The plaintiffs then asked the court to compel Allstate to remit the insurance proceeds to them. *Id.* We found that § 5/2-1402(c)(3) was inapplicable because Allstate's denial meant none of the insured's assets had been discovered. *Id.* at 725–26. Instead, we concluded that § 5/2-1402(c)(6) applied because Allstate, notwithstanding its denial, might have been indebted to the insured, and the plaintiffs could "maintain a separate action on that basis." *Id.* at 726. Thus, we held that the plaintiffs' demand for payment in response to Allstate's denial created a dispute that was within the realm of § 5/2-1402(c)(6) and made the citation proceeding

a "separate action that requires its own basis for federal jurisdiction." *Id.* at 726–27.

We agree with the district court's well-reasoned conclusion that, as in *Rizvi*, this citation proceeding is within § 5/2-1402(c)(6) and was therefore an independent, removable action. Like Allstate did in *Rizvi*, Travelers "produced a statement under penalty of perjury" taking the position "that it does not owe [Kiefer] any money and is not holding any proceeds from his claim." *Id.* at 727. And "[a]ny further proceedings … will require litigation that relies on different facts and law than the underlying [tort] claim against [Kiefer]," such as whether Kiefer is owed insurance proceeds under the policy or has claims against Travelers for breaching duties owed to him. *Id.*

That said, unlike the plaintiffs in *Rizvi*, the Jimenezes did not expressly ask the court for a turnover order or raise any other claim. But in *Rizvi*, we divined from *Good* that it was the insurer's "decision to contest coverage [that] established a new dispute governed by law distinct from the underlying … action and based on different facts" that was removable, not any action by the judgment creditor. *Id.* Even if actions by Travelers alone did not create an independent controversy, we look to the reality of what the Jimenezes are seeking to give form to this dispute. Though they did not say so explicitly before the district court, the court adeptly identified that the Jimenezes' goal was to enforce Kiefer's right to insurance proceeds and pursue Kiefer's claims against Travelers for breach of duties owed to him. And at oral argument, the Jimenezes' counsel admitted that a purpose of the citation proceeding was to obtain $100,000 in insurance proceeds he believed was immediately payable.

Thus, even in the absence of an express claim for insurance proceeds or for breach of duties, once Travelers answered that it was not obligated to pay anything, only one thing remained for the court to do. That is, adjudicate the dispute of whether Travelers was, contrary to their denial, indeed "holding assets of the judgment debtor that should be applied to satisfy the judgment" in the form of unpaid insurance proceeds and/or Kiefer's other claims against Travelers. See *FirstMerit Bank, N.A. v. McEnery*, 168 N.E.3d 704, 709 (Ill. App. Ct. 2020) (quotation omitted). This dispute, which depended on new issues of fact and law, brought the citation proceeding within the realm of § 5/2-1402(c)(6) and rendered it an independent, removable action. *Rizvi*, 833 F.3d at 727.

### III

### A

We now turn to the summary judgment order. Before addressing the merits, we first consider the propriety of ruling on summary judgment when the Jimenezes did not expressly raise any claims against Travelers, seek a turnover order, or obtain any discovery.

Federal Rule of Civil Procedure 69(a) mandates that federal courts apply state procedures in proceedings to execute or collect on a judgment. But as to citation proceedings, "Illinois law appears to leave the procedure to be followed … largely to the judge's discretion." *Resol. Tr. Corp. v. Ruggiero*, 994 F.2d 1221, 1226 (7th Cir. 1993); see also Ill. Sup. Ct. R. 277. Given this flexibility, it was proper for the district court to rule on summary judgment and determine the parties' rights and obligations even without a motion for a turnover order or other claim.

In moving for summary judgment, Travelers sought dismissal of the citation. And Illinois and federal courts rule on motions to dismiss citations even if there is no motion for a turnover order or other claim. See, e.g., *Pace Commc'ns Servs. Corp. v. Express Prod., Inc.*, 18 N.E.3d 202, 206 (Ill. App. Ct. 2014); *Cent. States, Se. & Sw. Areas Pension Fund v. Vanguard Servs., Inc.*, 498 F. Supp. 3d 988, 993–96 (N.D. Ill. 2020). That this is a motion for summary judgment is a distinction without a difference; Illinois courts similarly resolve citation proceedings on summary judgment. See *Workforce Sols. v. Urb. Servs. of Am., Inc.*, 977 N.E.2d 267, 276 (Ill. App. Ct. 2012). And in ruling on the order, the court could adjudicate the parties' rights under the insurance policy. *Stonecrafters, Inc. v. Wholesale Life Ins. Brokerage, Inc.*, 915 N.E.2d 51, 57 (Ill. App. Ct. 2009) (opining that rights under an insurance policy, and any defenses to recovery under such a policy, can be adjudicated in a citation proceeding). Ruling on the motion also comported with due process: there was no improper burden shifting because the Jimenezes had the burden to show that Travelers held assets belonging to Kiefer. *McEnery*, 168 N.E.3d at 709.

It also was appropriate for the court to rule on summary judgment even though the Jimenezes had not obtained discovery relevant to their claim that Travelers breached its duty to settle in good faith. The Jimenezes notified the district court, citing Federal Rule of Civil Procedure 56(d), that they needed additional information to support their opposition to the motion for summary judgment. But "[t]he mere fact that discovery is incomplete is not enough to prevent summary judgment." *Smith v. OSF HealthCare Sys.*, 933 F.3d 859, 864 (7th Cir. 2019). To show entitlement to additional discovery, the Jimenezes had to establish "that additional facts would be necessary to avoid summary judgment and that they had

been diligent in pursuing discovery." *Citizens for Appropriate Rural Roads v. Foxx*, 815 F.3d 1068, 1082 (7th Cir. 2016).

The Jimenezes failed to show additional discovery was necessary. Because the duty to settle is triggered when "there is a reasonable probability of recovery in excess of policy limits," the Jimenezes argued they needed to depose Travelers's claims professionals to challenge its assertion that there was no such probability. *Haddick ex rel. Griffith v. Valor Ins.*, 763 N.E.2d 299, 304 (Ill. 2001). But whether there was a reasonable probability of excess recovery does not depend on the opinions of Travelers's claims professionals. Rather, it depends on evidence wholly within the Jimenezes' control, such as Mrs. Jimenez's medical bills, which would demonstrate the value of their claims. Compare *id.* (finding a duty to settle because the decedent's medical bills substantially exceeded the policy limit), with *Founders Ins. Co. v. Shaikh*, 937 N.E.2d 1186, 1192 (Ill. App. Ct. 2010) (finding no duty to settle where the claimant's "medical and wage claims were only about half the policy limits and he opened settlement negotiations with a demand for the policy limits, not more"). Accordingly, the district court did not abuse its discretion in proceeding to summary judgment without allowing for this additional discovery.

B

We review the merits of the district court's grant of summary judgment de novo. *Skiba v. Ill. Cent. R.R. Co.*, 884 F.3d 708, 717 (7th Cir. 2018). The Jimenezes challenge the district court's conclusion that they could not recover, as assignees, under the insurance policy because Kiefer was not entitled to recovery under the policy. Under the policy, Travelers need only indemnify Kiefer for "damages … for which [he]

becomes legally responsible." The district court found that Travelers breached no duties it owed to Kiefer: (1) it satisfied its duty to defend by providing counsel to Kiefer; and (2) its duty to settle was never triggered. Based on that finding, the court reasoned that Travelers could raise the legally responsible provision in the insurance policy as a defense to coverage. It thereby concluded that Kiefer could not recover under the policy because the covenant not to execute rendered him not legally responsible for the judgment.

The Jimenezes do not challenge on appeal the finding that Travelers did not breach its duties (or at least fail to develop arguments that engage with the district court's reasoning), waiving any argument to the contrary. *Bradley v. Vill. of Univ. Park, Illinois*, 59 F.4th 887, 897 (7th Cir. 2023). And we agree with the district court that the legally responsible language bars recovery under the policy. In Illinois, "a liability insurer that declines to defend its insured is generally estopped from asserting policy defenses to coverage." *PQ Corp. v. Lexington Ins. Co.*, 860 F.3d 1026, 1032 (7th Cir. 2017). When an insurer breaches its duty to defend the insured, Illinois courts have indicated that "public policy generally supports" liberally construing policy language to allow an insured's assignees (who entered into a covenant not to execute) to recover notwithstanding a legally responsible provision. See *Guillen ex rel. Guillen v. Potomac Ins. Co. of Ill.*, 785 N.E.2d 1, 13 (Ill. 2003). Absent any breach, however, the public policy concerns drop away, and the insurer is entitled to "demand that the insured be held to a strict accounting under the policy language." *Id.* So, as the district court concluded, because there was no such breach here, Travelers could hold Kiefer to the terms of policy. Under a strict construction of those terms, even if he was technically harmed by the judgment, Kiefer was not legally

responsible for it because the covenant not to execute precluded its enforcement. Therefore, the legally responsible provision bars the Jimenezes' recovery as Kiefer's assignees.

AFFIRMED